UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

LAVONTE WILDERNESS,                        )
                                           )
                    Plaintiff,             )
                                           )
          v.                               )        No. 2:25-cv-00624-JRS-MG
                                           )
LEFTLER,                                   )
RANDELL VANVLEET,                          )
                                           )
                    Defendants.            )

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION**

The Plaintiff, Lavonte Wilderness, is currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). On March 16, 2026, this Court's screening order allowed Eighth Amendment claims to proceed against the Defendants, Lt. Timothy Leffler and Investigator Randy VanVleet, based on allegations that Lt. Leffler used excessive force against Mr. Wilderness and both Defendants subjected him to unconstitutional conditions of confinement. Dkt. 10.[1] The Court also directed the Defendants to respond to Mr. Wilderness's emergency motion for temporary restraining order,[2] which requested immediate transfer to another prison based on the allegations that the Defendants tampered with Mr. Wilderness's food and that he was being threatened in segregated housing and experiencing mental distress. *See* dkt. 3.

For the reasons explained below, the court **DENIES** Mr. Wilderness's motion, dkt. [3].

---

[1] The **clerk is directed** to update the spelling of the Defendants' names on the docket.

[2] As will be explained below, the Court construes Mr. Wilderness's motion as a motion for preliminary injunction since the relief requested would necessarily exceed 14 days.

1

## I.      Legal Standard

Rule 65 of the Federal Rules of Civil Procedure authorizes district courts to issue two forms of temporary injunctive relief: preliminary injunctions and temporary restraining orders. Courts generally apply the same equitable standards to a motion for a temporary restraining order as they do to a motion for a preliminary injunction. *See International Profit Associates, Inc. v. Paisola*, 461 F. Supp. 2d 672, 675 (N.D. Ill. 2006) (collecting cases). Mr. Wilderness has filed a motion for a temporary restraining order seeking transfer to another facility. Given the substance of the relief sought, the motion for a temporary restraining order is better understood as a motion for preliminary injunction. This is because "[a] temporary restraining order may not exceed 14 days without good cause." *Decker v. Lammer*, 2022 WL 135429, *2 (7th Cir. Jan. 14, 2022) (citing Fed. R. Civ. P. 65(b)(2)).

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction Mr. Wilderness first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020). If Mr. Wilderness meets these threshold requirements, "the court then must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id.* "[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020).

In addition to these requirements, the Prison Litigation Reform Act ("PLRA") provides that "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to

correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). "This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: '[P]rison officials have broad administrative and discretionary authority over the institutions they manage.'" *Westerfer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)); *see also Mays v. Dart*, 974 F.3d 810, 820–21 (7th Cir. 2020)). Therefore, courts have been hesitant to order a prisoner's transfer to a different institution. *See Shaw v. Rozmarynoski*, 2025 WL 1869659, at *2 (E.D. Wis. June 4, 2025) ("Prison officials are uniquely qualified to decide where a particular prisoner should be housed, how to manage the staffing at each institution, and how to preserve safety and security at the institution. It is not this Court's job to second-guess those decisions."); *Felton v. Matushak*, 2025 WL 1454971, at *9 (E.D. Wis. May 21, 2025) (The court has no authority to order the plaintiff's transfer to another institution.). In general, "[m]andatory preliminary injunctions" requiring affirmative acts, such as transferring a plaintiff to a different facility, are viewed with particular caution and have been "sparingly issued[.]" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted).

II.     **Discussion**

A.  **Irreparable Harm**

"[H]arm is considered irreparable if it "cannot be prevented or fully rectified by the final judgment after trial." *Whitaker By Whitaker v. Kenosha Unified School District No. 1 Board of Education*, 858 F.3d 1034, 1045 (7th Cir. 2017) (internal citations omitted). "'The mere possibility of irreparable injury is not enough' to prevail on a motion for preliminary injunction." *Boykins v. Simmerman*, 2023 WL 6461002, at *1 (S.D. Ind. Oct. 3, 2023) (quoting *Orr*, 953 F.3d at 501). "'[T]he moving party must demonstrate he will likely suffer irreparable harm absent obtaining

preliminary injunctive relief.'" *Id.* (quoting *Orr*, 953 F.3d at 503). Here, the Defendants are correct to argue that Mr. Wilderness has not shown that he will suffer irreparable harm absent injunctive relief. Instead, he speculates that he faces "immediat[e] and irreparable harm" because he is already in imminent danger due to the food contamination and to the medical department not responding to his requests. Dkt. 3 at 2. He also claims that he is contemplating self-harm due to the conditions in segregation. *Id.* Although these allegations are serious, Mr. Wilderness has not provided any evidence showing that future injuries are likely to occur and are not just hypothetical. *See East St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.*, 414 F.3d 700, 703 (7th Cir. 2005) ("[A] plaintiff cannot obtain a preliminary injunction by speculating about hypothetical future injuries.").

Furthermore, the Defendants cite Mr. Wilderness's recent medical records, which do not provide evidence that his food is contaminated or that he is currently experiencing a mental health crisis due to his placement in segregated housing. Mr. Wilderness has been seen by medical providers several times since filing his complaint, but he has not complained about issues with his food or symptoms of being poisoned. *See* dkt. 17-1 at 209–11; 260–63; 307–14. Even though Mr. Wilderness was placed on suicide watch in October 2025, the medical records do not show that Mr. Wilderness has recently reported suicidal ideation, as expressed in his complaint and his motion. *See id.* at 87–88; 94–95; 161–64; 264–306. Moreover, the records show that Mr. Wilderness is receiving ongoing treatment for his mental health. In sum, based on the evidence in the current record, Mr. Wilderness has not shown that he will suffer irreparable harm if he is not transferred.[3]

---

[3] *See Minocqua Brewing Co. LLC v. Hess*, 160 F.4th 849, 852 (7th Cir. 2025) ("[T]he district court's fact finding for purposes of the denial of the preliminary injunction is not controlling at a later hearing on the merits.").

### B. Likelihood of Success on the Merits

Even if Mr. Wilderness could establish irreparable harm, he has not established that he is likely to succeed on the merits. "A movant's showing of likelihood of success on the merits must be strong." *Tully v. Okeson*, 977 F.3d 608, 613 (7th Cir. 2020) (quotation marks omitted). A "better than negligible" likelihood of success is not enough. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762−63 (7th Cir. 2020). "A 'strong' showing . . . does not mean proof by a preponderance . . . [b]ut it normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.*

In this case, Mr. Wilderness proceeds on Eighth Amendment conditions of confinement claims against the Defendants based on allegations that they have contaminated his food and kept him in segregated housing where he is being threatened and suffering from mental distress.[4] Under the Eighth Amendment, "prisoners cannot be confined in inhumane conditions." *Thomas v. Blackard*, 2 F.4th 716, 720 (7th Cir. 2021) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). A conditions-of-confinement claim includes both an objective and subjective component. *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019). Under the objective component, a prisoner must show that the conditions were objectively serious and created "an excessive risk to his health and safety." *Id.* (cleaned up). Under the subjective component, a prisoner must establish that the defendants had a culpable state of mind — that they "were subjectively aware of these conditions and refused to take steps to correct them, showing deliberate indifference." *Thomas*, 2 F.4th at 720. Proving the subjective component is a "high hurdle" that "requires something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Donald v. Wexford Health*

---

[4] Mr. Wilderness also proceeds on Eighth Amendment excessive force claims against Lt. Leffler. However, based on the substance of Mr. Wilderness's motion, which requests transfer because Defendants are tampering with his food, these claims do not appear to be relevant to his request for injunctive relief.

*Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020) (internal quotations omitted). Neither "negligence [n]or even gross negligence is enough[.]" *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008).

The current record does not show that Mr. Wilderness is suffering from objectively serious conditions that create an excessive risk of danger to his health and safety. As seen above, Mr. Wilderness's medical records do not mention any issues with his food or Mr. Wilderness's complained-about symptoms even though he has seen medical providers several times since filing his complaint. *See id.*; dkt. 17-1 at 209–11; 260–63; 307–14. They also do not show any reported mental health issues since Mr. Wilderness initiated this lawsuit even though Mr. Wilderness has been receiving ongoing mental healthcare. *See id.* at 87–88; 94–95; 161–64; 264–306. Mr. Wilderness did not file a reply disputing the Defendants' representation of the facts supporting his claims. Accordingly, because the record does not support the objective component of Mr. Wilderness's Eighth Amendment claims, he has not established a likelihood of success on the merits.

Importantly, the Court's decision today is limited to the question of injunctive relief and does not reflect any judgment on the merits of Mr. Wilderness's claims for damages. As the Supreme Court explained in *Farmer*, when reviewing a plaintiff's request for "injunctive relief to prevent a substantial risk of serious injury from ripening into actual harm, the subjective factor, deliberate indifference, should be determined in light of the prison authorities' current attitudes and conduct, . . . their attitudes and conduct at the time suit is brought and persisting thereafter." 511 U.S. at 845–46 (internal citations and quotations omitted). "[T]o establish eligibility for an injunction, the inmate must demonstrate the continuance of that disregard during the remainder of the litigation and into the future." *Id.* Here, the record does not reveal a likelihood of showing that

the Defendants are continuously subjecting Mr. Wilderness to unconstitutional conditions of confinement.

Because Mr. Wilderness has not shown that he is likely to suffer irreparable harm or that he will likely succeed on the merits of his Eighth Amendment claim against the Defendants, the Court does not discuss the inadequacy of legal remedies.

### III.    Conclusion

For the above reasons, the court **DENIES** Mr. Wilderness's motion for preliminary injunction, dkt. [3].

**IT IS SO ORDERED.**

Date: _____6/22/2026_____

_____
JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

LAVONTE WILDERNESS
257088
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

All ECF-registered attorneys of record via email

7